*778 All findings of fact are affirmed. Conclusions of law 11, 13 and 19 are modified in accordance with the modifications of the judgment. In the absence of seasonable warning that counsel fees and expenses would be sought to be charged against the individual defendants, they should not have been held to payment thereof. (Godley v. Crandall & Godley Co., 212 N. Y. 121, 137.) Moreover, until benefit to the corporation is established to have resulted from the litigation, it should not be charged with counsel fees and expenses. (Masholie v. Salvator, 269 App. Div. 846.) Until the corporation accepts the property purchased by the director, or acquires other property for a roller skating rink with which that of the director would compete, the corporation cannot be said to have gained a real benefit from the litigation. Its landlord has restricted the use of the other parcel so that it cannot compete with the corporation until after condemnation of the corporation’s leased property. That benefit was not created by this litigation. If it cannot meet the condition necessary to acquire the “ corporate opportunity ”, there will be no real benefit to it obtained by the direction to transfer on condition that it pay. Likewise, if it has no roller skating rink with which one on the “ opportunity ” could compete, no actual benefit is gained from an injunction against use of the other property. While it was no defense to the action that the corporation *779 was not financially able to take the opportunity to buy (Meinhard v. Salmon, 249 N. Y. 458, 465), nevertheless plaintiffs cannot be allowed expenses against it for prosecuting an action on its behalf if no real benefit has come by reason of the litigation. Present — Nolan, P. J., Carswell, Adel, Sneed and Mac-Crate, JJ.